UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | IN PROCEEDINGS |
| | ) | UNDER CHAPTER 11 |
| RDI VEIN, L.L.C., | ) | |
| | ) | BK 15-60171-kjm |
| and | ) | |
| | ) | |
| LAKELAND RADIOLOGISTS, LTD., | ) | BK 15-60229-kjm |

APPLICATION FOR EMPLOYMENT OF ESTATE PROFESSIONAL

COMES NOW RDI Vein, L.L.C. and Lakeland Radiologists, Ltd. ("Debtor"), by their

attorneys Mary E. Lopinot and Mathis, Marifian & Richter, Ltd., and for its Application to Employ

Professional, states as follows:

1.      RDI Vein, L.L.C. ("RDI") is the debtor-in-possession in bankruptcy case 15-60171.

2.      Lakeland Radiologists, Ltd. ("LLR") is the debtor-in-possession in bankruptcy case

15-60229.

3.      The U.S. Department of Treasury, Internal Revenue Service ("IRS") is a creditor of

both RDI and LLR by reason of federal tax liens filed against each Debtor.

4.      Midland States Bank ("Midland") is a secured creditor of both RDI and LLR by

reason of certain properly perfected financing agreements entered into by RDI, LLR and Midland

during 2012.

5.      Both the IRS and Midland have security interests in the cash collateral of RDI and of

LLR.

6.      On June 29, 2015, each of RDI and LLR separately entered into an agreed Order

with the IRS and Midland for the interim use of cash collateral, which included a provision for the

payment by each Debtor for a professional to evaluate the administration of the patient receivables

and medical records transitioning for former patients.

{M0321514.1}

7.    To perform their duties, Debtors require the services of a professional person to perform the following duties:

    a.  To evaluate the status of unbilled patient receivables;

    b.  To assess the collectability of already-billed patient receivables; and

    c.  To assess the costs of transitioning medical records of former patients.

8.    For the foregoing and all other necessary and proper purposes, Debtor desires to retain Susan Kane in this proceeding.

9.    Because Ms. Kane has sufficient background in medical billings and collections as set forth in the attached Declaration, applicant feels that Ms. Kane is well qualified to render the foregoing services.

10.    Ms. Kane was formerly employed by the Debtor or by a related party to Debtor in the same capacity as for which employment is sought; Ms. Kane is owed approximately $54,861.63 by Professional Practice Solutions Inc. and $8,626.36 by Lakeland Healthcare Group Ltd. and has agreed to waive any pre-petition claims against this bankruptcy estate.

11.    Based upon the Declaration attached hereto, applicant believes that Ms. Kane does not hold or represent any interest adverse to that of Debtor or Debtor's estate and that Ms. Kane is a disinterested person within the meaning of 11 U.S.C. §101(14).

12.    Ms. Kane will charge $175.00 per hour for services rendered to the estate, up to a total of $12,800 for services performed for LLR and up to $4,500 for services performed for RDI. It is contemplated that Ms. Kane will seek compensation based upon this billing rate.  Applicant is informed and believes that the hourly rate of Ms. Kane is reasonable in light of the current hourly rates charged by third party medical billing providers in the region.  It is further contemplated that Ms. Kane will seek interim compensation during the case as permitted by 11 U.S.C. Section 331 and the local rules.

13.    The Court has power to authorize employment of Ms. Kane pursuant to 11 U.S.C. §327(a).

WHEREFORE, the Debtor prays that it be authorized to employ Susan Kane to render services in the areas described above with compensation to be paid as an administrative expense in such amount as this Court may hereinafter determine and allow upon application or applications to be filed by said attorneys in accordance with the Bankruptcy Code, Bankruptcy Rules and Local Rules of Bankruptcy Procedure.

Dated:  July 7, 2015                                        MATHIS, MARIFIAN & RICHTER, LTD.


                                                    By:  /s/  Mary E. Lopinot
                                                          Mary E. Lopinot
                                                          Mathis, Marifian, & Richter, Ltd
                                                          23 Public Square, Suite 300
                                                          Belleville, IL  62220
                                                          (618) 234-9800
                                                          (618) 234-9786 facsimile
                                                          mlopinot@mmrltd.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that July 7, 2015, he/she has served the foregoing instrument via the Court's CM/ECF electronic noticing and/or U.S. First Class Mail upon: Mark D. Skaggs, Office of the U.S. Trustee, Becker Building, Room 1100, 401 Main Street, Peoria, IL 61602; and all persons requesting electronic notice in this case.


                                                    /s/  Mary E. Lopinot

{M0321514.1}

**3**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | IN PROCEEDINGS |
| | ) | UNDER CHAPTER 11 |
| RDI VEIN, L.L.C., | ) | |
| | ) | BK 15-60171-kjm |
| and | ) | |
| | ) | |
| LAKELAND RADIOLOGISTS, LTD., | ) | BK 15-60229-kjm |

DECLARATION OF SUSAN KANE

| | |
|---|---|
| STATE OF TENNESSEE | ) |
| | ) ss: |
| COUNTY OF WILLIAMSON | ) |

I, SUSAN KANE, DECLARE:

1.      I am a certified public accountant and Fellow of the Radiology Business Management Association who the Debtor in Possession is seeking to employ by the Application to which this Declaration is attached.

2.      I have 26 years' experience in the management of medical billing and receivables collections.  I am well qualified to perform the services sought by the Debtor and am willing to accept employment on the basis set forth in the annexed Application.

3.      As of the petition date, I was owed $ -0-  by RDI for unpaid wages; I have agreed to waive any claims that I may have against the RDI estate if my employment is approved.

4.      As of the petition date, I was owed $ -0-  by LLR for unpaid wages; I have agreed to waive any claims that I have against the LLR estate if my employment is approved.

5.      I do not hold any interest adverse to the above entitled estate and said law firm is a disinterested entity as defined in 11 U.S.C. Section 101(14).  My prior employment by Debtor and/or a related entity is disclosed in the annexed Application.

6.      Neither I nor any person related to me has any interest adverse to Debtor in Possession, or the Estate.

7.      I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 6, 2015                              /s/      Susan Kane

Subscribed and sworn to before me this 6th  day of July, 2015.

My commission expires:  2/27/2017                 /s/      Silvana Gleim
                                                           Notary Public

{M0321514.1}